# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBERLY D. TROTTER | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 18-233-CFC-SRF |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Plaintiff Kimberly D. Trotter filed this action on February 9, 2018. (D.I. 1) She proceeds *pro se*. A briefing schedule was entered on June 25, 2018, and it gave Plaintiff until August 6, 2018 to submit an opening brief. (D.I. 11) To date, Plaintiff has not filed an opening brief. On April 12, 2019, Plaintiff filed a letter with the court indicating that the Plaintiff is "currently still under doctor [*sic*] orders." (D.I. 24) The court treats this letter as a further request for an extension to file Plaintiff's opening brief on appeal.

### II. BACKGROUND

Plaintiff commenced this action on February 9, 2018. (D.I. 1) The scheduling order provided a deadline for filing Plaintiff's opening brief of August 6, 2018. (D.I. 11) On August 3, 2018, Plaintiff filed a motion to extend time to file her opening brief, which was granted by the court on August 6, 2018. (D.I. 12) Plaintiff's opening brief became due on or before September 6, 2018. The deadline passed and Plaintiff did not file an opening brief nor request a further extension of time to file it.

On November 16, 2018, the court issued an Order to Show Cause on or before December 7, 2018 as to why this case should not be dismissed for failure to prosecute, pursuant to D. Del.

LR 41.1. (D.I. 14) On November 30, 2018, Plaintiff filed a motion for extension of time to file a response to the Order to Show Cause, which the court granted on December 4, 2018. (D.I. 15; D.I. 16) Plaintiff's opening brief became due on or before January 4, 2019. (D.I. 16) On the January 4, 2019 deadline, Plaintiff did not file an opening brief. However, she submitted a letter to the court indicating that she was seeking attorney representation. (D.I. 17)

Therefore, on January 7, 2019, the court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1, and ordered that Plaintiff submit her opening brief on or before February 8, 2019. (D.I. 18) On January 7, 2019, Plaintiff filed a letter that she called an "Amended Statement," expressing concern over her previous attorney's legal advice. (D.I. 19) Beyond this letter response, Plaintiff did not respond to the Order to Show Cause. On February 4, 2019, Plaintiff filed another motion for extension of time to file a response to the Order to Show Cause, which the court granted on February 5, 2019. (D.I. 20; D.I. 21) Plaintiff's opening brief became due on or before March 8, 2019. (D.I. 21)

On March 8, 2019, without filing her opening brief, Plaintiff filed yet another motion for extension of time to file a response to the Order to Show Cause, which the court granted on March 11, 2019. (D.I. 22; D.I. 23) Plaintiff's opening brief became due on or before April 12, 2019 and the court explained that there would be no further extensions. (D.I. 23) On April 12, 2019, Plaintiff filed a motion for extension of time to file her opening brief. (D.I. 24) Plaintiff's most recent motion equates to at least her fifth request to extend the time to file her opening brief on appeal.

## III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order . . . ." Fed. R. Civ. P. 41(b). Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Court considers the following factors to determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## IV. DISCUSSION

I recommend that the *Poulis* factors warrant dismissal of Plaintiff's claims. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting her claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). In addition, Defendant is prejudiced by

3

Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to file her opening brief impedes Defendant's ability to meaningfully respond to the scope of Plaintiff's appeal and to submit Defendant's cross-motion for summary judgment.

As to the third factor, there is a history of dilatoriness given that Plaintiff has filed numerous (at least five) motions for extension of time to respond to the court's Orders to Show Cause and file her opening brief. (D.I. 15; D.I. 20; D.I. 22; D.I. 24) As to the fourth factor, the court will not conclude at this time that the Plaintiff's failure to prosecute is willful or in bad faith. As to the fifth factor, monetary sanctions are not a consideration.[1] As to the sixth factor, the merits of the claim, Plaintiff filed for both Social Security Disability Insurance Benefits ("DIB") under Title II, and Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act (the "Act"). (D.I. 8-5 at 2-12) On September 1, 2016, the Administrative Law Judge ("ALJ") dismissed Plaintiff's request for a hearing based on her DIB application. (D.I. 8-2 at 38) The Appeals Council subsequently denied Plaintiff's request for review on December 11, 2017, rendering the ALJ's decision the final decision of the Commissioner. (*Id.* at 6-9) On February 9, 2018, Plaintiff brought the instant civil action challenging the ALJ's decision. (D.I. 2) At this stage of the proceedings, the court cannot assess whether Plaintiff's claims have merit, despite her failure to prevail on the merits of her claims at the administrative level.

---

[1] The Plaintiff was granted leave to proceed in forma pauperis. (D.I. 4)

Therefore, given Plaintiff's failure to file an opening brief and her history of dilatoriness, the court recommends that the *Poulis* factors weigh in favor of dismissal.[2]

## V. CONCLUSION

For the foregoing reasons, the court recommends dismissing the case without prejudice for failure to prosecute. The Clerk of Court shall cause a copy of this Report and Recommendation to be mailed to Plaintiff.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to five (5) pages each.

The parties are directed to the court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 24, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent that Plaintiff alleges attorney malpractice, the court cannot address these allegations on appeal. (D.I. 19) *See Peters v. Berryhill*, 2017 WL 3437332, at *4 (S.D. Ill. Aug. 10, 2017) ("Any argument that plaintiff's attorney committed malpractice in representing him before the agency cannot be considered here because professional negligence, if it occurred, would not be grounds to reverse the Commissioner's decision.").