# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KIMBERLY D. TROTTER | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-233-CFC-SRF |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Plaintiff Kimberly D. Trotter ("Plaintiff"), filed this action on February 9, 2018. (D.I. 1) She proceeds *pro se*. On April 24, 2019, the court recommended dismissing the case without prejudice for failure to prosecute. (D.I. 25) Plaintiff did not object to the Report and Recommendation. The Report and Recommendation was adopted by Order and the case was closed on May 16, 2019. (D.I. 26) Plaintiff filed a motion to reopen the case on May 24, 2019. (D.I. 27) The court treats this motion as a motion for reconsideration.

### II. MOTION FOR RECONSIDERATION

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a

decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (citations omitted); *see also* D. Del. LR 7.1.5.

In dismissing the case without prejudice for failure to prosecute, the court reviewed the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). The court has again reviewed the record in light of the *Poulis* factors as well as the instant motion. However, Plaintiff has failed to demonstrate any grounds to warrant reconsideration of the May 16, 2019 Order. Therefore, the court recommends denying the motion for reconsideration. (D.I. 27)

## III. CONCLUSION

For the foregoing reasons, the court recommends denying Plaintiff's motion for reconsideration. (Civil Action No. 18-233-CFC-SRF, D.I. 27) The Clerk of Court shall cause a copy of this Report and Recommendation to be mailed to Plaintiff.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to five (5) pages each.

The parties are directed to the court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: May 29, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE